IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LARRY JAY BALLARD and                                                                           PLAINTIFFS
JULIE VAROSI

v.                                              No. 4:17CV00458 JLH

HARLAN B.T. HUNTER                                                                              DEFENDANT

**OPINION AND ORDER**

This is a negligence action arising out of a car accident. On the day of the accident, Larry Ballard and Harlan Hunter were driving south on Interstate 440, which bypasses northeastern Little Rock, Arkansas. Julie Varosi was a passenger in Ballard's vehicle. The complaint alleges that Hunter fell asleep, then the front of his vehicle struck the rear of Ballard's vehicle. Ballard's vehicle began to spin, eventually rolling over and coming to a rest upside down. Ballard and Varosi sustained permanent injuries. They have filed a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Document #11-2. The amended complaint alleges additional facts about the accident, removes the claims for loss of earning capacity, and adds a request for punitive damages. *Id*. Hunter objects to any amendment based on the recovery of punitive damages, arguing that such an amendment is improper on futility grounds. Document #13. For the foregoing reasons, the motion for leave to file an amended complaint is granted in part and denied in part.

Rule 15(a)(2) provides that once the time for amending as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires," but may deny leave if there is a compelling reason, such as futility of the amendment. *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013). "Denial of a motion for leave to amend on the basis of futility 'means the district

court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 605 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

The amended complaint adds a request for punitive damages. Document #11-2 at 8-9, ¶¶ 13-15. In Arkansas, the recovery of punitive damages is governed by statute:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury

2

or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or

(2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206. "In other words, punitive damages may be awarded when a tortfeasor has acted with malice, intent to cause injury, or with conscious indifference such that malice could be inferred." *Yeakley v. Doss*, 370 122, 128, 257 S.W.3d 895, 899 (2007); *Nat'l By-Prods., Inc. v. Searcy House Moving Co., Inc.*, 292 Ark. 491, 494-95, 731 S.W.2d 194, 196-97 (1987). Negligence alone, even gross negligence, does not justify punitive damages. *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity by Damron v. Sullivan*, 293 Ark. 576, 587, 740 S.W.2d 127, 132 (1987).

The issue here is whether the facts alleged in the amended complaint justify an award of punitive damages under subsection one of the statute. Whether a motor vehicle has been operated with conscious indifference from which malice can be inferred must be determined by the facts of each individual case but generally, the Arkansas Supreme Court has limited punitive damages in cases arising out of motor vehicle accidents to two situations: racing and drunk driving. *See Perry v. Stevens Transport, Inc.*, No. 3:11CV0004-JLH, 2012 WL 2805026 at *4 (July 9, 2012) (citing *Nat'l Bank of Commerce v. McNeil Trucking Co.*, 309 Ark. 80, 88, 828 S.W.2d 584, 588 (1992)); *Lawrence v. Meux*, 282 Ark. 512, 514 669 S.W.2d 464, 466 (1984); 1 Howard W. Brill & Christian H. Brill, Ark. Law of Damages § 9.2 (6th ed. 2015). The Arkansas Supreme Court has also affirmed an award of punitive damages in a case arising out of a trucking accident; the award was based on the trucking company's reckless disregard of the dangerous condition of the truck involved and expert testimony that the company had knowingly altered the truck's brakes. *D'Arbonne Constr. Co. v. Foster*, 354 Ark. 304, 311, 123 S.W.3d 894, 901 (2003); *see also Bizzell v. Transport Corp.*

*of America*, No. 4:16CV00376-JLH, 2017 WL 3381358 at *2-*4 (E.D. Ark. Aug. 4, 2017) (collecting trucking accident cases).

Here, the plaintiffs' request for punitive damages is based on allegations that Hunter decided to drive, even though he felt fatigued, and that he subsequently fell asleep at the wheel. Document #11-2 at 8, ¶ 14. It was after Hunter fell asleep that his vehicle struck the plaintiffs' vehicle. *Id*. at 7, ¶¶ 7-9. There is no Arkansas case directly on point, but driving while sleepy and then falling asleep at the wheel, though careless, does not constitute the type of conduct from which malice can be inferred absent other aggravating circumstances. *See Ancar v. Brown*, No. 3:11-CV-595-DPJ-FKB, 2013 WL 5503682 at *2 (S.D. Miss. Oct. 2, 2013) (collecting cases supporting the proposition that "[m]erely falling asleep at the wheel is generally not sufficient to warrant punitive damages"); *Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384, 387 (E.D. Ken. 2006) (applying Kentucky law, which employs a more lenient standard for the award of punitive damages, and holding that falling asleep while driving is not wanton or reckless); *see also Woods v. Mendez*, 574 S.W.2d 263, 268-69 (Va. 2003) (holding that driving while sleepy and then falling asleep shows a conscious disregard for the safety of others when combined with intoxication and continuing to drink beer while driving in an intoxicated state); *Briner v. Hyslop*, 377 N.W.2d 858, 868 (Iowa 1983) (noting that "[t]he act of falling asleep generally would not constitute conduct that would allow punitive damages" but combined with driving for an excessive length of time and use of stimulants, could constitute a willful disregard for the safety of others). Because the facts alleged in the amended complaint do not support a claim for punitive damages under Arkansas law, the amendment is futile.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for leave to file an amended complaint is GRANTED IN PART and DENIED IN PART. The request for leave to remove allegations concerning loss of earning capacity and add factual allegations about the accident is granted. Those allegations are hereby dismissed. The request for leave to add allegations concerning punitive damages is denied.

IT IS SO ORDERED this 25th day of April, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE